UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEDRO GIDDEL CHAVALOC CHOROR and
RENATO LOPEZ SAYAMAN,

Plaintiffs,

-against-

ABITINO'S PIZZA 49TH STREET CORP.,
d/b/a, ABITINO'S PIZZERIA, ABITINO'S
PIZZA & RESTAURANT, INC. NO. II
d/b/a ABITINO'S PIZZERIA, and MARIO
ABITINO, SALVADOR ABITINO,
DOMINIQUE ABITINO, and MARIO
ABITINO, as individuals,

Defendants.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED:  5/24/2022               │
└─────────────────────────────────────┘
```

19 Civ. 9297 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiffs Pedro Giddel Chavaloc Choror and Renato Lopez Sayaman bring this action

against Defendants Abitino's Pizza 49th Street Corp., Abitino's Pizza & Restaurant, Inc. No. II,

Mario Abitino, Salvador Abitino, Dominique Abitino, and Mario Abitino, raising claims for,

*inter* alia, unpaid minimum wage and overtime wages under the Fair Labor Standards Act (the

"FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel claims, as well as wage notice and wage

statement violations under the New York Labor Law (the "NYLL") § 190 *et seq.  See generally*

Compl., ECF No. 1.  Having reached a settlement (the "Settlement"), ECF No. 48-1, the parties

seek the Court's approval of their proposed agreement.  *See* Letter, ECF No. 47.  For the reasons

stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain

"labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(b).  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must

2

separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Settlement provides Plaintiffs with a recovery of $20,000, inclusive of attorneys' fees and costs. Settlement ¶¶ 1(a); *see also* Letter at 4. To ascertain Plaintiffs' best-case scenario for recovery, Plaintiff's counsel reviewed Defendants' time and pay records for both Plaintiffs, and documents from a prior class-action settlement against Defendants for similar violations. Letter at 2–3. On this basis, Plaintiffs believe their maximum possible recovery is $70,000, including $25,000 for unpaid wages, as well as liquidated damages and statutory penalties. *Id.* at 3. The parties note that continuing formal discovery—including numerous depositions—would have created significant burdens and expenses for both parties. Letter at 4. And, trial would have imposed significant costs and burdens on both parties, including requiring Plaintiffs to miss work and incur expenses related to translation, in addition to other trial costs. *Id.* Plaintiffs also recognized that, although they challenged the accuracy of Defendants' payroll records, had such records been accepted by a fact-finder, they would receive a substantially lower recovery than what they would obtain through a settlement. *Id.* at 4–5.

Moreover, the settlement was reached after a year of extensive settlement talks, as well as

3

a Court-annexed mediation, with both sides represented by experienced counsel.  *Id.* at 5.
Finally, the parties state that there is no possibility of fraud or collusion.  *Id.* at 5.  The Court
concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

However, the Settlement contains a liability release clause only as to Defendants, which
the Court finds improper in three aspects.  First, the clause binds Plaintiffs, as well as their
"heirs, executors, administrators . . . successors and assigns."  Settlement ¶ 6.  Second, the
Settlement releases from liability numerous entities beyond Defendants alone.  *Id.*  Although the
release clause is limited only to claims "which were alleged in the Complaint filed in this action,
specifically including Fair Labor Standards Act and New York Labor Law . . . and its associated
regulations," *id.*, "when combined with the broad definition of '[r]eleasees,' the release, read
literally—would have the . . . effect of releasing any wage and hour claims that [Plaintiffs, and
their associates] had against a wide range of unidentified individuals and business[es] only
tenuously affiliated with [Defendants]."  *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19
Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019).  And, Plaintiffs are afforded no
releases from liability whatsoever.  *See generally* Settlement.  Therefore, the Court cannot
conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks*, and shall not
approve the Settlement.

4

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised settlement agreement that narrows the release provision (1) so as not to confer an unearned benefit on entities and individuals beyond the parties herein; and (2) limits release only as to claims arising out of the same facts that gave rise to the claims advanced in this action.  The parties shall file a revised settlement agreement by **June 7, 2022**.

      SO ORDERED.

Dated: May 24, 2022
      New York, New York

                                 _____
                                      ANALISA TORRES
                                United States District Judge