UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PEDRO GIDDEL CHAVALOC CHOROR and
RENATO LOPEZ SAYAMAN,

                              Plaintiffs,

       -against-

ABITINO'S PIZZA 49TH STREET CORP., d/b/a
ABITINO'S PIZZERIA, ABITINO's PIZZA &
RESTAURANT, INC. No. II, d/b/a ABITINO'S
PIZZERIA, and MARIO ABITINO, SALVADOR
ABITINO, DOMINIQUE ABITINO, and MARIO
ABITINO, as individuals,

                              Defendants.
------------------------------------------------------------------X

19-CV-9297 (AT) (VF)

**ORDER OF DISMISSAL**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement to resolve the action, have placed their proposed amended settlement agreement before this Court for approval. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements).

      On September 20, 2021, the parties submitted a joint letter motion for approval of their proposed settlement agreement (the "Agreement"). See ECF Nos. 47, 48, 48-1. On May 24, 2022, the Honorable Analisa Torres issued an Order concluding that the Agreement satisfied each of the factors outlined in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012), but contained an "improper" liability release clause because it: (1) "b[ound] Plaintiffs, as well as their 'heirs, executors, administrators . . . successors and assigns'"; (2) "release[d] from liability numerous entities beyond Defendants alone," and; (3) afforded Plaintiffs "no releases from

1

liability whatsoever." See Order at 4 (citing Agreement ¶ 6), ECF No. 49. Therefore, Judge Torres found the Agreement was not "fair and reasonable" under Cheeks and denied the motion for approval "without prejudice to refiling a revised settlement agreement that narrows the release provision (1) so as not to confer an unearned benefit on entities and individuals beyond the parties herein; and (2) limits release only as to claims arising out of the same facts that gave rise to the claims advanced in this action." See Order at 4-5. On June 23, 2022, the parties submitted a joint letter motion seeking approval of their proposed amended settlement agreement (the "Amended Agreement") as fair and reasonable, stating that the release contained in Paragraph 6 of the Amended Agreement had been revised in accordance with the Court's May 24, 2022 Order. See ECF No. 55.

After reviewing the Amended Agreement, the Court finds that the amended release provision complies with Judge Torres' Order, but requires two corrections. The revised paragraph 6 now properly binds only Plaintiffs (and not their "heirs, executors, administrators . . . successors and assigns"). See Amended Agreement ¶ 6, ECF No. 56-1. Additionally, the revised Paragraph 6 releases from liability only Defendants, and not various other affiliated entities. See id. However, the release of Defendants from liability, as currently written in Paragraph 6, states that it is releasing from liability "Defendants, officers, owners, and agents." Id. It should instead state that it is releasing from liability "Defendants and *Defendants'* officers, owners, and agents." Id. (emphasis added). And in addition, the release provision should include language providing that Defendants release Plaintiff from any and all known claims and liabilities relating specifically to this litigation. See Garcia v. Good for Life by 81, Inc., No. 17-CV-07228 (BCM), 2018 WL 3559171, at *3-4 (S.D.N.Y. July 12, 2018) (noting that releases must be mutual).

Upon submission of a revised settlement agreement, reflecting these changes, the Court will approve the settlement agreement as fair and reasonable.

**SO ORDERED.**

DATED:  New York, New York
        November 7, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge

<u>Copies to:</u>

All counsel (via ECF)